# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| MARY SHELAINE BAINES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 05-6031-CV-SJ-FJG ) |
| THE MISSOURI GAMING COMPANY, et al., | ) ) |
| Defendants. | ) |

## ORDER

Currently pending before the Court is a Motion to Dismiss filed by defendants Tina Beer, Gary Johnson and Philip Rooney (Doc. # 9).

## I. BACKGROUND

Plaintiff was employed by defendant Missouri Gaming Company, Inc. d/b/a The Argosy Casino (hereafter Argosy) in various positions beginning in January 1997 and ending with her actual or constructive discharge on September 30, 2003. On April 8, 2005, plaintiff filed a five count Complaint alleging sexual discrimination and retaliation in violation of 42 U.S.C. § 2000e and the Missouri Human Rights Act. In addition to naming Argosy Casino, plaintiff also asserted claims for discrimination and retaliation under the Missouri Human Rights Act, against the following individuals: Gary Johnson, General Manager; Philip Rooney, Former Director of Human Resources and Tina Beer, Acting Director of Human Resources.

## II. STANDARD

"The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether

the plaintiff is entitled to offer evidence in support of his or her claims." Doe v. Hartz, 52 F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997)(citations omitted). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(internal quotations, ellipses and citations omitted).

### III. DISCUSSION

**A. The Individual Defendants' Motion to Dismiss**

The individual defendants move to dismiss plaintiff's claims against them for two reasons: 1) there is no individual liability under the Missouri Human Rights Act and 2) plaintiff failed to exhaust her administrative remedies because she did not list the individual defendants in her Charge of Discrimination.

In support of their argument that the Missouri Human Rights Act does not support individual liability, the individual defendants cite to Lenhardt v. Basic Institute of Technology, Inc., 55 F.3d 377, 381 (8th Cir. 1995). In that case the Court stated:

> Looking to analogous federal civil rights statutes, as we believe the
> Missouri Supreme Court would, we hold that the Missouri Supreme Court

2

would interpret the definition of an employer in the MHRA, Mo.Rev.Stat. § 213.010(6), in a manner consistent with decisions of our sister circuits construing Title VII's definition of an employer. Every circuit that has considered the issue ultimately has concluded that an employee, even one possessing supervisory authority, is not an employer upon whom liability can be imposed under Title VII. Thus, we believe the Missouri Supreme Court would hold that the definition of the term employer in the MHRA does not subject employees, including supervisors or managers, to individual liability.

Id. at 381. The individual defendants argue that this decision is binding authority on this Court and thus Counts III, IV and V of plaintiff's First Amended Complaint should be dismissed.

In response, plaintiff acknowledges that the Missouri Supreme Court has not spoken on this issue, but states that the Circuit Court of St. Louis County allowed a case to go to trial and the plaintiff recovered damages against an individual defendant. Plaintiff also cites to the decisions of other courts which have determined that individuals are subject to liability under the MHRA.

The Court recognizes that this is a question on which courts have disagreed. However, as this Court noted in Berry v. Combined Insurance Co. Of America, Inc. No. 04-0586-CV-W-FJG (W.D. Mo. Nov. 29, 2004):

> The Court agrees with defendants that the better course of action is to follow the Eighth Circuit's guidance on this issue. The Court agrees with Judge Whipple's recent opinion finding that 'until such time as the Missouri courts clarify their position, Lenhardt appears to be the most thorough interpretation and the best guidance available on this exact issue.' See Stoner v. Shoe Carnival, Case No. 04-0367 (Order dated June 25, 2004).

Id. at pp. 4-5. Additionally, as the Court noted in Weger v. City of Ladue, No. 4:04CV683 SNL, 2004 WL 3651669 (E.D. Mo. Dec. 30, 2004):

> At the end of the day whether this Court necessarily agrees or disagrees with the holding in Lenhardt is immaterial. This Court under

3

> *stare decisis* must and will follow what is good law, even if under other circumstances this Court could have reached another outcome. . . . Lenhardt could not be more on point to the facts and issue central to this case, it has not been overturned, and despite this Court's reluctance, it is controlling in this case. Therefore, under the holding in Lenhardt, the definition of "employer" in MHRA does not subject individual employees . . . to individual liability, and the Motion with respect to these counts should be granted.

Id. at * 5 (internal citations omitted).

This Court agrees and will follow Lenhardt and previous decisions of this Court in other cases. Accordingly, the Court finds that there is no individual liability under the MHRA. Therefore, defendants' Motion to Dismiss is hereby **GRANTED** (Doc. # 9). As the Court has determined that there is no individual liability under the MHRA, the Court need not reach defendants' argument that plaintiff failed to exhaust her administrative remedies.

### III. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the Defendants' Motion to Dismiss (Doc. # 9). The Court hereby **DISMISSES** Counts III, IV and V of plaintiff's First Amended Complaint.

Date: February 28, 2006  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge